May 10 10 02:07a                                                                                         p.2



Brian W. Brokate (BB 5830)
Walter-Michael Lee (WL 6353)
GIBNEY, ANTHONY & FLAHERTY, LLP
665 Fifth Avenue
New York, NY 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315

Attorneys for pH Beauty Labs, Inc.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IT'S A 10, INC., a Florida Corporation; and CAROLYN PLUMMER, an individual,<br><br>                            Plaintiffs,<br><br>        v.<br><br>PH BEAUTY LABS, INC., a California Corporation, and FREEMAN BEAUTY, A DIVISION OF PH BEAUTY LABS, BED BATH AND BEYOND, INC., a New Jersey Corporation; PATHMARK STORES, INC, a New Jersey Corporation,<br><br>                            Defendants. | Case No. 10 CIV. 972 (RWS)<br><br>**STIPULATED PROTECTIVE ORDER AS TO THE PRODUCTION OF CERTAIN DOCUMENTS FOR SETTELEMENT PURPOSES** |

       Whereas, in an effort to resolve this matter by settlement, Defendant ph Beauty Labs, Inc anticipates disclosing certain documents which are believed to be confidential and proprietary by the holder thereof, and since It's a 10, Inc. and Carolyn Plummer, and pH Beauty Labs, Inc. desire to obtain a Protective Order to prevent unnecessary dissemination of such information and to prevent disclosure thereof on the public record;

       Therefore, it is hereby ORDERED that the following provisions shall govern the handling of such confidential information and documents in this action:

1



1. DEFINITIONS

1.1  Party: Each of It's a 10, Inc. and Carolyn Plummer and pH Beauty Labs, Inc.

1.2  Settlement Material: all items of information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts or tangible things) that are produced or generated in the course of settlement negotiations.

1.3  CONFIDENTIAL Material: all non-public Settlement Material deemed by the owner to constitute trade secrets or other confidential research, development or commercial information which is not publicly known and which cannot be ascertained from inspection of publicly available documents, materials or devices.

1.4  CONFIDENTIAL – ATTORNEY'S EYES ONLY Material: extremely sensitive CONFIDENTIAL Material whose disclosure to another Party or non-party would create a substantial risk of irreparable harm.

1.5  Receiving Party: a Party that receives Settlement Material from a Producing Party.

1.6  Producing Party: a Party that produces Settlement Material in this action.

1.7  Designating Party: a Party or non-party that designates Settlement Material that it produces as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to this Protective Order.

1.8  Outside Counsel: Michael Sacks, Esq., attorney for It's a 10, Inc.

2. DESIGNATION OF CONFIDENTIALITY

This Order creates two (2) categories of confidentiality. Subject to the terms set forth herein, the Producing Party shall have the right to select and designate the confidentiality category it deems

2

appropriate. The two (2) categories shall be distinguished by use of different designations. Documents produced which the Producing Party deems to contain confidential information within the meaning of this Order shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" by the Producing Party at the time of production, and copies of documents or portions thereof deemed to be confidential shall be specifically identified and marked "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" at the time of production.

3. SCOPE

The protections conferred by this Protective Order cover not only materials produced that are designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEY'S EYES ONLY, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations or presentations by parties or their counsel that might reveal such information.

4. DURATION

This Order is intended to regulate the handling of confidential information and documents during settlement negotiations and shall remain in force and effect until modified, superseded or terminated on the record by agreement of the parties or by order of the Court. This Protective Order may be amended by agreement of the parties in writing. This Court retains jurisdiction to enforce this Protective Order following complete dismissal, entry of judgment, or other final termination of this action, without foreclosing the ability of any party or non-party to later file an action or otherwise seek to compel compliance with the terms of this Order.

3

5. ACCESS TO AND USE OF PROTECTED MATERIAL

5.1. Basic Principles. Absent written consent of the disclosing party, Settlement Material of any Party may be disclosed, used or shared only for the purpose of attempting to settle the case in which the material has been designated for production and not for any other purpose. Settlement Material shall be certified by the Producing Party as true and correct copies or information under penalty of perjury. Settlement Material may be disclosed only to the categories of persons and under the conditions described in this Order and never disclosed to any other person, including the Court except to a magistrate judge participating in a settlement conference. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 7 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.2. Disclosure of CONFIDENTIAL Material. A Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's trial counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party's Outside Counsel of record in this action who have signed the Agreement to Be Bound by Protective Order attached hereto as Exhibit A; and

(c) all Party employees who have been designated in writing by that Party and approved by the other Party to receive CONFIDENTIAL materials and who have signed the Agreement to Be Bound by Protective Order attached hereto as Exhibit A.



4

5.3. Disclosure of CONFIDENTIAL – ATTORNEY'S EYES ONLY Materials. A Receiving Party may disclose information or items designated CONFIDENTIAL - ATTORNEY'S EYES ONLY to:

(a) the Receiving Party's trial counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation..

5.4. Responsibility to Enforce. Trial counsel of record shall have the responsibility, prior to disclosing CONFIDENTIAL material or CONFIDENTIAL - ATTORNEY'S EYES ONLY material to any other person permitted access pursuant to this section 5, to take such steps as are necessary to ensure compliance by such person with the terms of this Order.

6.   PRESERVATION OF OTHER OBJECTIONS

This Protective Order is intended to provide a mechanism for the handling of confidential material and documents as to the production of which there is no objection other than confidentiality. Each party reserves the right to object to any disclosure of information or production of any documents on any other ground it may deem appropriate, including, but not limited to, the attorney-client and work product privileges.

7.   FINAL DISPOSITION

Upon final termination of this action, including all appeals, all Discovery Material within the terms of this Order, including all copies, extracts, and complete or partial summaries thereof, shall be either:

(a) returned to trial counsel for the party whose confidential material constituted or was included within such documents, testimony or pleadings; or

(b) destroyed with a representation such destruction being made to such counsel.



5

## 8. RIGHT TO SEEK FUTURE RELIEF

The failure to designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof to allow the use and/or disclosure of such information in a manner not otherwise permitted pursuant to the terms of this Order.

### 9. ACTION FOR VIOLATION

Any party knowing or believing that any other party is in violation of this Order may move the Court for an Order to Show Cause seeking to hold that party in contempt and seeking such other relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the party alleged to be in violation of this Order shall discontinue the performance of the acts complained of in the Order to Show Cause until the matter is ruled upon by the Court.

TIAJOLOFF & KELLY LLP

Dated: July 27, 2010

Edward P. Kelly, Esq.
405 Lexington Avenue
New York, NY 10174
Telephone: (212) 490-3285
Facsimile: (212) 490-3295

Attorneys for Plaintiffs

GIBNEY, ANTHONY & FLAHERTY, LLP

Dated: July 28, 2010

Bryan W. Brokate, Esq. (BB 5830)
Walter-Michael Lee, Esq. (WL 6353)
665 Fifth Avenue
New York, NY 10022

6

SO ORDERED:

/s/ *signature*
United States District Judge

Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorneys for pH Beauty Inc.

8·3·10
Date

