UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

| | |
|---|---|
| IT'S A 10, INC., a Florida Corporation; and CAROLYN PLUMMER | : ECF Case |
| Plaintiffs, | : No. 10-CV-972 (RWS) |
| -against- | : **DEFENDANT PATHMARK STORES, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| PH BEAUTY LABS, INC., a California Corporation, and FREEMAN BEAUTY, A DIVISION OF PH BEAUTY LABS, BED, BATH AND BEYOND, INC., a New Jersey Corporation; and PATHMARK STORES, INC., a New Jersey Corporation, | : |
| | FILED ELECTRONICALLY |
| Defendants. | : |

------------------------------------------------------------------------- x

Defendant Pathmark Stores, Inc. (hereinafter referred to as "Pathmark") through its attorneys Cowan, Liebowitz & Latman, P.C. answers the First Amended Complaint in this action as follows:

1.  Pathmark is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies such allegations.

2.  Pathmark is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies such allegations.

3.  As to Paragraph 3, Pathmark admits it has a retail location at Cherry Street, New York, New York; but denies the remaining allegations contained in Paragraph 3.

4.  Pathmark is without knowledge or information sufficient as to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore denies such allegations.

5.  Pathmark is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore denies such allegations.

6. Pathmark is without knowledge sufficient as to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore denies such allegations.

7. Pathmark denies each and every allegation contained in Paragraph 7.

8. Pathmark is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies such allegations.

9. Pathmark is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies such allegations.

10. Pathmark is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies such allegations.

11. Pathmark is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies such allegations.

12. Pathmark is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies such allegations.

13. Pathmark is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies such allegations.

14. Pathmark is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies such allegations.

15. Pathmark is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore denies such allegations.

16. Pathmark is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore denies such allegations.

17. Pathmark is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies such allegations.

18. Pathmark is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies such allegations.

19. Pathmark is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies such allegations.

20. Pathmark is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies such allegations.

21. Pathmark is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies such allegations.

22. Pathmark denies each and every allegation contained in Paragraph 22.

23. As to Paragraph 23, Pathmark is without knowledge sufficient to form a belief as to the truth of the allegation and therefore denies the allegation that Plaintiffs' products are sold at "defendant Bed, Bath & Beyond stores"; and Pathmark denies each and every remaining allegation contained in Paragraph 23.

24. Pathmark denies each and every allegation contained in Paragraph 24.

25. Pathmark denies each and every allegation contained in Paragraph 25.

26. Pathmark denies each and every allegation contained in Paragraph 26.

27. Pathmark repeats and realleges the preceding paragraphs in response to Paragraph

28. Pathmark is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and therefore denies such allegations.

29. Pathmark denies each and every allegation contained in Paragraph 29.

30. Pathmark repeats and realleges the preceding paragraphs in response to Paragraph

31. Pathmark denies each and every allegation contained in Paragraph 31.

32. Pathmark denies each and every allegation contained in Paragraph 32.

33. Pathmark repeats and realleges the preceding paragraphs in response to Paragraph

34. Pathmark denies each and every allegation contained in Paragraph 34.

35. Pathmark denies each and every allegation contained in Paragraph 35.

36. Pathmark denies each and every allegation contained in Paragraph 36.

37. Pathmark repeats and realleges the preceding paragraphs in response to Paragraph

38. Pathmark denies each and every allegation contained in Paragraph 38.

39. Pathmark repeats and realleges the preceding paragraphs in response to Paragraph

40. Pathmark denies each and every allegation contained in Paragraph 40.

41. Pathmark denies each and every allegation contained in Paragraph 41.

42. Pathmark repeats and realleges the preceding paragraphs in response to Paragraph

43. Pathmark denies each and every allegation contained in Paragraph 43.

44. Pathmark denies each and every allegation contained in Paragraph 44.

45. Pathmark repeats and realleges the preceding paragraphs in response to Paragraph

46. Pathmark denies each and every allegation contained in Paragraph 46.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

47. The Amended Complaint fails to state claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

48. Plaintiffs' claims are barred by the doctrine of laches.

**WHEREFORE**, it is respectfully requested that Pathmark be awarded the following:

(a) Plaintiff's Amended complaint be dismissed in entirety;

(b) Pathmark be granted its costs including attorneys' fees associated with defending the Amended Complaint; and

27904/042/1187557.1

        (c)    Pathmark be awarded any such other relief that the Court deems just and proper.

Dated: New York, New York
August 5, 2010

Respectfully submitted,
COWAN, LIEBOWITZ & LATMAN, P.C.

By: _____
Arlana S. Cohen (asc@cll.com)
Benjamin Sahl (bxs@cll.com)
1133 Avenue of the Americas
New York, New York  10036
212-790-9200
Attorneys for Defendant Pathmark Stores, Inc.