# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

IT'S A 10, INC. a Florida corporation and
CAROLYN PLUMMER,

              Plaintiffs,

v.

PH BEAUTY LABS, INC., a California
Corporation, and FREEMAN BEAUTY, A
DIVISION OF PH BEAUTY LABS, INC., BED
BATH AND BEYOND, INC., a New Jersey
Corporation; PATHMARK STORES, INC, a New
Jersey Corporation,

              Defendants.

------------------------------------ X

Case No. 10 Civ. 972 ( RWS)

[PROPOSED] PERMANENT
INJUNCTION UPON CONSENT



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/8/11

      WHEREAS, Plaintiffs **It's a 10, Inc.** and **Carolyn Plummer** ("Plaintiffs") are the owners of the federal U.S. trademark registrations listed in Exhibit 1 hereto ("Plaintiffs' Marks") and the color scheme of the trade dress depicted in Exhibit 1 of Plaintiffs' First Amended Complaint ("Plaintiffs' Trade Dress") (collectively "Plaintiffs' Trademark and Trade Dress Rights");

      WHEREAS, Plaintiffs, by their attorneys filed a Complaint in the above-captioned action ("Action") on February 5, 2010 against **pH Beauty Labs, Inc.,** also doing business as Freeman Beauty ("pH Beauty Labs"), and a First Amended Complaint on June 16, 2010, against pH Beauty Labs, Bed Bath & Beyond Inc. and Pathmark Stores, Inc., alleging, *inter alia*, infringement of Plaintiffs' Trademark and Trade Dress Rights;

      WHEREAS, Plaintiffs and pH Beauty Labs previously agreed to and the Court entered a Preliminary Injunction Upon Consent on April 6, 2010;

      WHEREAS, the Plaintiffs and Defendant pH Beauty Labs and Defendant Bed, Bath & Beyond, Inc. (the "Parties") have reached an agreement for the final resolution of this Action, the terms and conditions of which are set forth in a document entitled Settlement Agreement dated ~~January~~ Feb. 2 ___ 2011;

      WHEREAS, Plaintiffs and Defendant pH Beauty Labs, through their respective counsel and pursuant to the Settlement Agreement, have stipulated to this Permanent Injunction Upon Consent and have agreed that this Action be dismissed with prejudice;

NOW THEREFORE, IT IS ORDERED that **pH Beauty Labs** and any respective affiliates, subsidiaries and related entities and/or companies, agents, servants, employees, owners, officers, assigns and successors in interest are permanently restrained and enjoined from:

1. infringing, either directly, by contribution, or by inducement, Plaintiffs' Trademarks and Trade Dress Rights;

2. manufacturing, importing, exporting, distributing, advertising, offering for sale or selling Defendant pH Beauty Labs' Top 10 Miracles Hair Mask, Top 10 Miracles Leave-In Treatment or Top 10 Miracles Heat Styler or any other goods throughout the world which are likely to cause confusion, mistake or to deceive consumers as to the origin, sponsorship, approval or association of Defendants' goods with Plaintiffs' goods;

3. using the terms "10" and/or "MIRACLE" in connection with goods and/or services identical or similar to the goods covered in the U.S. federal registrations for Plaintiffs' Marks;

4. using the identical or same or confusingly similar combination of colors as used on Plaintiffs' Trade Dress in connection with goods and/or services identical or similar to the goods covered in the U.S. federal registrations for Plaintiffs' Marks.

This Permanent Injunction shall be deemed to have been served upon pH Beauty Labs at the time of its execution by the Court and any violation of the terms of this Permanent Injunction may be considered and prosecuted as contempt of this Court.

If enforcement of this Permanent Injunction becomes necessary, then Plaintiffs shall be entitled to recover attorneys' fees and costs incurred in connection therewith.

The Court shall have exclusive jurisdiction of this action for all purposes relating to the implementation and effectuation of this Permanent Injunction Upon Consent.

Dated: January _____, 2011
New York, New York

So Ordered
Robert W. Sweet
U.S. District Judge   2-7-11